**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 6:14-cr-03101-MDH-2 |
| | ) | |
| ALTON LOUIS VAUGHN, SR., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion to Revoke and Reconsider the Detention Order of the Magistrate Judge (Doc. 63). Upon careful consideration, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

Defendant is charged with conspiring to defraud the United States by obstructing and impeding the lawful functions of the Internal Revenue Service and with aiding/assisting in the preparation and presentation of false income tax returns. On December 19, 2015, Magistrate Judge Rush "reluctantly" denied the Government's motion for pre-trial detention and released Defendant on bond with certain conditions. Judge Rush stated that "I may be making a big mistake, but I can tell you this much is that if you engage in any – kind of conduct that it is even remotely similar to what you've done in the past . . . I'm not concerned about revoking your bond." On May 14, 2015, the Government filed a motion to revoke bond. Judge Rush held a bond revocation hearing and issued an order revoking Defendant's bond after finding probable cause to believe Defendant committed multiple crimes while on release, finding Defendant presents a danger to the community, and finding Defendant is unlikely to abide by any condition

or combination of conditions of release. Within one month thereafter, Defendant entered into a plea agreement with the Government and filed a motion to reconsider his detention order based on changed circumstances. Judge Rush denied Defendant's motion for reconsideration and request for a hearing on the same.

Defendant has now filed a motion for the district court to review and revoke the magistrate's pre-trial detention order pursuant to 18 U.S.C. § 3145(b). Defendant argues "significant changed circumstances . . . impact Defendant's detention, and that should be heard and considered by the Court." Specifically, Defendant cites the following changed circumstances: (1) pursuant to the plea agreement, the Government agreed not to seek an indictment for the new violations allegedly committed while Defendant was on pre-trial release; (2) Defendant suffers from symptoms of congestive heart failure and his medical needs are not adequately addressed at the Green County Jail; (3) Defendant's home is at risk of foreclosure and he needs to secure financing to avoid losing the home; (4) Defendant will likely have to pay a significant amount of restitution; and (5) Defendant's wife was/is scheduled to undergo surgery.

## STANDARD

"A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). A judicial officer shall enter a revocation and detention order if, after a hearing, the officer finds probable cause to believe the person committed a federal, state, or local crime while on release and either "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other

2

person or the community"[1] or "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* at § 3148(b). "If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.*

## DISCUSSION

As an initial matter, the Court finds the magistrate judge did not err in revoking Defendant's bond and issuing the detention order. The evidence shows Defendant continued to represent persons before the IRS despite clear warning that such unlawful conduct would result in violation of his release conditions and revocation of his bond. Judge Rush found probable cause to believe Defendant engaged in unlawful acts and committed violations of 18 U.S.C. §§ 1001, 1341, and 1343 while on pre-trial release. He found, based on Defendant's criminal history, the pending charges against him, and the offenses allegedly committed while on pre-trial release, that there is "no doubt" Defendant presents an economic danger to the community. Because the above-listed crimes constitute felonies, their commission triggered a rebuttable presumption that there are "no condition or combinations will assure that [Defendant] will not pose a danger to the safety of any other person or the community[.]" Judge Rush further found Defendant is unlikely to abide by any conditions of release:

> I'm also going to find, and I don't have to find this, but I'm also going to find that he's unlikely to abide by any condition or combinations of release. And I understand the argument made by defense counsel that I could add additional conditions and that he not do any more work, but it's beyond me why he -- why I would have to do that after I already released him on conditions of release reluctantly and explained to him exactly what would happen if he violated those

---

[1] Under 18 U.S.C. § 3142(g), the Court considers information related to: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release.

Case 6:14-cr-03101-MDH   Document 77   Filed 08/24/15   Page 3 of 5

conditions. And to me, he just flagrantly has violated the conditions of release, and it's clear to the Court from the record that I don't know if there are any conditions that I could impose, and I really shouldn't have to, Mr. Vaughn. It was made very clear to you when you were before this Court, and I reluctantly released you, very clear to you what you were to do and what you were not to do. And I think it's just unbelievable that you continued in this conduct.

Bond Rev. Hrg. Tr. 31. Upon de novo review, the Court finds Defendant's revocation and detention order was warranted.

Defendant does not challenge the initial revocation and detention order but, instead, challenges the magistrate judge's denial of Defendant's motion to reconsider the detention order and denial of his request for a hearing. The Court agrees with Judge Rush that the "changed circumstances" cited by Defendant do not warrant a hearing or an amendment of the detention order. The changed circumstances cited by Defendant do not reduce the danger Defendant poses to the public nor do they concern his willingness to abide by conditions of release. The fact that the Government agreed not to seek an indictment against Defendant for the crimes allegedly committed while on pre-trial release does not mean Defendant did not commit the crimes nor does it mean that he no longer poses an economic danger to the public; in fact, in the plea agreement, Defendant acknowledges that the Government could prove he committed the crimes by at least a preponderance of the evidence. The medical needs cited by Defendant do not present changed circumstances and any grievances with the prison can be addressed through the marshal's office.[2] Finally, Defendant's desire to earn money to pay anticipated restitution,

---

[2] Judge Rush addressed the issue of Defendant's medical condition during the initial detention hearing:

You can get medical treatment in the Greene County Jail. I've looked at your condition. And what I've decided is is that I hope that your heart attached was a wake-up call to you and you've had some sort of epiphany now and you realize that I can't engage in this kind of conduct. And I want to see my doctor on the outside. I want to get my medicines. And again, you can get all those things in the jail, so don't think that because I'm going to release you on bond that your health is going to keep you from going back to the Greene County Jail. If you're under that illusion, I hope that I can dissuade you from that, sir. . . . You can get all that in the Greene County Jail. And that's where you'll get it if you violate these conditions.

Bond Hrg. Tr. 3-4.

prevent foreclosure of his home, and care for his wife after surgery do not reduce the danger he presents to the community or show his willingness to comply with conditions of release.[3]

In sum, the Court finds the "significant changed circumstances" presented by Defendant do not provide a basis to revoke the magistrate's detention order. First, Defendant presents insufficient evidence/argument to rebut the presumption under 18 U.S.C. § 3148(b) and, based on that presumption and the factors listed in 18 U.S.C. 3142(g), there is no condition or combination of conditions that will adequately assure the safety of the community if Defendant is released pending disposition of this case. *See also* 18 U.S.C. § 3143 ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."). Second, even assuming Defendant does make such a showing, Defendant presents no evidence/argument to alter Judge Rush's finding that he is unlikely to abide by such conditions.

## DECISION

For the foregoing reasons, Defendant's Motion to Revoke and Reconsider the Detention Order of the Magistrate Judge (Doc. 63) is hereby **DENIED**.

**IT IS SO ORDERED**.

Date: August 24, 2015                    */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**

---

[3] Such financial motives may actually make it more likely that Defendant will attempt to take financial advantage of additional victims.